IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIRST MERCURY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | No. 3:12-cv-4374-L (BF) |
| ROSENBOOM WELDING & FABRICATION, L.L.C. and ANGEL LOGISTICS, INC., | § § § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER

Holly A. Heintzelman ("Movant"), as the Administratrix of the Estate of Trevor Casey Hampton (the "Estate"), has filed a motion to intervene as a defendant in this declaratory judgment action to determine whether coverage exists under a commercial general liability insurance policy (the "Policy") issued by Plaintiff First Mercury Insurance Company to Defendants Rosenboom Welding & Fabrication, L.L.C. ("Rosenboom Welding ") and Angel Logistics, Inc. ("Angel Logistics"). By her motion, Movant contends that the Estate is entitled to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a) because the Estate has an interest in the Policy which is not adequately represented by Defendants. Alternatively, Movant seeks permission to intervene pursuant to Federal Rule of Civil Procedure 24(b). While Defendants do not oppose Movant's effort to intervene, Plaintiff contends that intervention is inappropriate because the Estate does not have a cognizable interest in the instant declaratory judgment action. The issues have been fully briefed by the parties, and the motion is ripe for determination.

This insurance coverage dispute arises out of a wrongful death action brought by the Estate against Defendants in Pennsylvania state court (the "Underlying Lawsuit"). *See* Mot., Exh. A. The Underlying Lawsuit alleges that Trevor Casey Compton was shot and killed by Danny Keith Kirtley while Compton was a business invitee of Rosenboom Welding or Angel Logistics on leased premises in North Strabane Township, Pennsylvania (the "Premises"). *See id.* at 4, ¶ 20. According to the complaint in the Underlying Lawsuit, Defendants hired Compton and Kirtley as independent contractors and/or subcontractors to perform work involving welding on the Premises. *Id.* at 2, ¶¶ 10-11. Defendants allegedly knew that Kirtley was dangerous, but they were negligent, reckless, and recklessly indifferent in allowing Kirtley to work at the Premises when other business invitees, including Compton, were present. *Id.* at 3-4, ¶ 14 & 6-7, ¶ 26. Further, Defendants were allegedly negligent, reckless, and recklessly indifferent in failing to make the Premises safe for business invitees and for creating an unreasonable risk of harm to Compton. *Id.* Defendants were insured under the Policy at the time Compton was killed. *See* Plf. Resp. Br. at 3.

Plaintiff filed this action for a declaratory judgment that it has no duty to defend Rosenboom Welding or Angel Logistics in the Underlying Lawsuit or indemnify them for any damages that may be awarded in the Underlying Lawsuit. *See* Mot., Exh. B. The basis for Plaintiff's contention that it has no duty to defend or indemnify Defendants in the Underlying Lawsuit is a Policy exclusion which states that coverage does not exist for "'bodily injury' to ... [a]ny 'employee,' 'temporary worker,' or 'leased worker' of any independent contractor(s) arising out of the operations performed for the Insured by said independent contractor(s) or acts or omissions of the Named Insured in connection with the general supervision of such operations." *Id.* at 7, ¶ 22.

Whether or not the Estate is entitled to intervene in this lawsuit as a matter of right, the Court

has broad discretion to permit intervention under Rule 24(b)(1), which states:

> On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

FED. R. CIV. P. 24(b)(1). Permissive intervention is appropriate when "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n. 2 (5th Cir. 1989). It is also proper to consider whether the intervenors' interests are adequately represented by other parties and whether the intervenors will significantly contribute to the full development of the underlying factual issues in the suit. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984).

Here, it is undisputed that Movant timely filed her motion to intervene. *See* Plf. Br. at 5. Additionally, Movant's claims in the Underlying Lawsuit share common questions of law or fact with Plaintiff's claims in the instant declaratory judgment action. The Underlying Lawsuit alleges that Compton was an independent contractor and a business invitee on the Premises at the time he was shot and killed. *See* Mot., Exh. A at 3, ¶ 12 & 4, ¶ 20. Plaintiff disputes this characterization and contends that Compton was an employee of an independent contractor. *See id.*, Exh. B. at 8, ¶ 28. Compton's status is thus relevant to the issue of negligence in the Underlying Lawsuit, in particular the extent of the duty owed to him, *see, e.g., Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157 (Tex. App. -- Dallas 2011, no pet.) (in premises liability case, duty owed to the plaintiff depends upon the plaintiff's status on the premises at the time of the incident), as well as

coverage issues in this declaratory judgment action, including the applicability of the Policy exclusion for employees of independent contractors. Plaintiff's suggestion that permissive intervention is inappropriate because the common issues are not " crucial " or central to the ultimate determinations in either case, *see* Plf. Br. at 13-14, reads the requirement of a common question of law or fact too narrowly. *Newby v. Enron Corp.*, 443 F.3d 416, 424 (5th Cir. 2006) (noting that "claim or defense" portion of Rule 24(b)(1)(B) has been construed liberally).

Nor is there is any indication that intervention will cause undue delay or prejudice the adjudication of the original parties' rights. This case is still in its nascent stages. The discovery deadline has not yet expired, and the dispositive motion deadline still months away. *See* Pretrial Scheduling Order (Doc. 12), 3/27/13 at 1. Finally, Defendants are not currently represented by counsel,[1] and Movant represents that they either have no interest in hiring an attorney to represent them or are not financially able to do so. *See* Mot. at 5. Permitting intervention makes it more likely that the issues will be resolved on merits rather than on the basis of a procedural default. For these reasons, the Court exercises its discretion and finds that the Estate should be allowed to permissively intervene as a defendant in this lawsuit.

## CONCLUSION

Holly A. Heintzelman's Motion to Intervene as a Defendant (Doc. 8) is GRANTED.

SO ORDERED, September 9, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] By separate order entered today, the Court has ordered Defendants, which are corporate entities that cannot appear *pro se*, to obtain counsel by September 30, 2013.