IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FIRST MERCURY INSURANCE COMPANY,** | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. **3:12-CV-4374-L** |
| | § | |
| **ROSENBLOOM WELDING & FABRICATION, L.L.C. and ANGEL LOGISTICS, INC.,** | § § § § | |
| Defendants. | § § | |

# ORDER

Before the court is Plaintiff First Mercury Insurance Company's ("Plaintiff") Motion for Summary Judgment, filed October 31, 2013. This case was referred to Magistrate Judge Paul D. Stickney for pretrial management on March 25, 2013. The magistrate judge entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on June 19, 2014, recommending that Plaintiff's Motion for Summary Judgment be denied. Plaintiff filed an objection on July 1, 2014.

Plaintiff contends that the Report never "substantively addressed the question presented," which was whether the insurance policy excludes coverage for injury to self-employed independent contractors. Plaintiff argues that the question presented was not whether the alleged bodily harm was caused to an independent contractor, subcontractor, or employee of Defendant Rosenbloom Welding & Fabrication, LLC.

The court determines that the ultimate findings and conclusions reached by the magistrate judge are correct. The relevant policy exclusion states: "This insurance does not apply: [t]o bodily

injury to: 1. Any 'employee,' 'temporary worker' or 'leased worker' of any independent contractor(s) arising out of operations performed for the insured by said independent contractor(s) or acts or omissions of the Named Insured in connection with the general supervision of such operations….." Pl.'s Ex. A-1, 48. By the plain terms contained in the exclusion, an independent contractor is not excluded from coverage. Further, the written exclusion is not ambiguous. Moreover, as the parties are well aware, if the application of ordinary rules of construction leaves a reasonable doubt as to a contract's interpretation, the contract is construed against its drafter. *Forest Oil Corp. v. Strata Energy, Inc.*, 929 F.2d 1039, 1043 (5th Cir. 1991). In this case, Plaintiff is the drafter, and it should have unequivocally stated that bodily harm to independent contractors is excluded. Finally, Plaintiff cites no authority to support its contention that a self-employed independent contractor would fall within the scope of the exclusion. Plaintiff could have easily added language to the provision so that *independent contractors* would fall within the exclusion. For these reasons, the court concludes that the exclusion does not exclude from coverage self-employed independent contractors, and the court **overrules** Plaintiff's objection.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **determines** that the conclusions are correct and **accepts** them as those of the court. Accordingly, the court **denies** Plaintiff's Motion for Summary Judgment. The court will file a separate scheduling order setting this case for trial.

**It is so ordered** this 1st day of August, 2014.

                                                      _/s/ Sam A. Lindsay_
                                                     Sam A. Lindsay
                                                     United States District Judge