IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FIRST MERCURY INSURANCE COMPANY**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:12-CV-4374-L** |
| **ROSENBOOM WELDING & FABRICATION, L.L.C.** and **ANGEL LOGISTICS, Inc.**, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On August 1, 2014, the court accepted the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and denied Plaintiff First Mercury Insurance Company's ("Plaintiff") Motion for Summary Judgment. In its Motion for Summary Judgment, Plaintiff argued that it was entitled to declaratory relief because the commercial general liability policy issued by Plaintiff, Policy Number FMTX007645 (the "Policy"), excluded coverage for bodily injury to an employee of an independent contractor. Pl.'s Mot. Summ. J. 1. Both parties agree that Trevor Compton ("Compton"), the man who was shot and killed on Defendants' premises, was a self-employed independent contractor. *See* Joint Pretrial Order 4. In its Motion for Summary Judgment, Plaintiff contended that a self-employed independent contractor is equivalent to an employee of an independent contractor and therefore within the Policy's exclusion. *Id.* at 5. The court, however, held that by the plain terms of the Policy, the exclusion does not exclude from coverage self-employed independent contractors. *See* Order (Doc. 31), filed August 1, 2014.

In its Response to Order from Court Regarding Plaintiff's Motion to Stay (Doc. 36), filed October 31, 2014, Plaintiff concludes that "the only remaining issue to be resolved by this Court is whether First Mercury has a duty to indemnify . . . ." Pl.'s Resp. 2. The only basis, however, for Plaintiff's argument that it owes no duty to indemnify is that Compton falls within the exclusion for employees of independent contractors. *See* Joint Pretrial Order 4 (stating that the only contested issue of law is whether the "Independent Contractors or Subcontractors Special Conditions," which sets forth the exclusion for employees of independent contractors, bars recovery); *see also* Pl.'s Compl. ¶¶ 31-32 (alleging that Plaintiff does not have a duty to indemnify because the policy exclusion applies).

The court *sua sponte* moves for summary judgment on Plaintiff's declaratory judgment action regarding its duty to indemnify. The court's determination on whether Plaintiff has a duty to indemnify does not depend on the "'actual facts' brought out in the underlying action," as Plaintiff has stipulated that there are no disputed facts in this case and the court has already interpreted the Policy exclusion to which Plaintiff's arguments solely rely. *See VRV Dev. L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 459 (5th Cir. 2011) (explaining that "an insurer's duty to indemnify typically can be resolved only after conclusion of the underlying action" but that it "may be resolved at summary judgment . . . when 'the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify'") (citing *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex.1997) (emphasis omitted)). In light of the posture of this action, the court sees no reason why the converse of the holding in *Mid-Continent* is not equally applicable here; that is, that the issue of indemnification may be resolved at the summary judgment stage.

**Memorandum Opinion and Order - Page 2**

The court finds further support for moving for summary judgment *sua sponte*. In its Motion for Summary Judgment, Plaintiff argues that the court need not wait for the conclusion of the underlying lawsuit to rule on its duty to indemnify because "the facts that may be developed in the Pennsylvania Lawsuit cannot change [Compton's] employment status materially." Pl.'s Mot. Summ. J. 9. As both parties stipulated that Compton is a self-employed independent contractor, Plaintiff's duty to indemnify depends on whether Compton's employment status is within the exclusion and, as Plaintiff points out, there is no reason for the court to wait for the completion of the underlying lawsuit to make that determination. Moreover, the court has already made that determination in a previous order. *See* Order (Doc. 31), filed August 1, 2014.

In light of its previous ruling, the court does not believe that there is any basis for Plaintiff to argue that it does not have a duty to indemnify. In other words, the court does not believe that a genuine dispute of material fact exists as to this issue. The court has already ruled that self-employed independent contractors are not within the exclusion. By Plaintiff's own admission, there are no issues of disputed fact in this case and the only *issue of law* to be tried is whether the exclusion applies. *See* Joint Pretrial Order 4. Thus, the only remaining issue for trial is an issue of law, one in which the court has already supplied the parties' with an answer: an independent contractor is not within the Policy's exclusion. The court does not believe that there is any basis for Plaintiff to prevail, and therefore there is no reason to unnecessarily expend judicial resources trying this claim.

A court, "[a]fter giving notice and a reasonable time to respond," may "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). Ten days is considered a reasonable time for a party to respond.

*Lozano v Ocwen Fed. Bank, FSB*, 489 F.3d 636, 641 (5th Cir. 2007) (citation omitted).  Plaintiff is therefore **directed** to file a response; present any additional evidence on the court's motion; and state why summary judgment should not be granted on this claim on behalf of Defendants by **November 21, 2014**.  Defendants shall not file a response unless directed to do so by the court.  The court **stays** this case until it rules on the motion for summary judgment and, if necessary, will reset the action for trial.

    **It is so ordered** this 7th day of November, 2014.

                                                                     Sam A. Lindsay
                                                                     United States District Judge